# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER L. ROHRER**
**United States Army, Appellant**

ARMY 20120526

Headquarters, U.S. Army Support Activity, Fort Dix
Elizabeth G. Kubala, Military Judge
Lieutenant Colonel Jodi L. Zucco, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Jaclyn E. Shea, JA (on brief).

31 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of willful disobedience of a superior commissioned officer, one specification of making a false official statement, and one specification of aggravated sexual assault, in violation of Articles 90, 107, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 907, and 920 (2006 & Supp. IV 2011) [hereinafter UCMJ]. The convening authority disapproved the finding of guilty to the aggravated sexual assault, approved the remaining findings, and approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.

## BACKGROUND

Appellant's trial concluded on 24 May 2012. The record of trial was authenticated by the military judge on 9 July 2012. The staff judge advocate signed her post-trial recommendation about a month later on 3 August 2012 and appellant submitted his post-trial matters pursuant to Rules for Courts-Martial 1105 and 1106 on 28 August 2012. Action was taken by the convening authority on 6 September 2012. However, the case was not docketed at this court until 8 April 2013.

The extreme delay in sending the record to this Court goes unexplained.

## LAW AND DISCUSSION

In his assigned error, appellant alleges:

> THE EXCESSIVE POST-TRIAL DELAY IN THE GOVERNMENT'S PROCESSING OF APPELLANT'S COURT-MARTIAL RECORD WARRANTS GRANTING APPELLANT RELIEF UNDER *UNITED STATES V. BAUERBACH*.

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). Specifically, the record of trial should be docketed with this court within thirty days of the convening authority's action. *Id.*[1] Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *See Moreno*, 63 M.J. at 136.

Taking more than 200 days to ship appellant's record of trial less than 200 miles from Fort Dix, New Jersey to Fort Belvoir, Virginia is presumptively unreasonable. *Id.* at 142. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id.* at 136.

---

[1] Two other standards—processing time from trial to convening authority action and timeliness of appellate review before this court—are not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

As for the first factor, the length of the delay, 214 days far exceeds the 30-day presumption of unreasonableness. *Id.* at 142. As for the second factor, reasons for the delay, there is no explanation whatsoever in the record. *Id.* at 136. We find the third factor, assertion of the right to speedy post-trial processing, cannot be practically applied under the unique circumstances of this case. *Id.* at 138. Although appellant did not make any such assertion following the completion of the convening authority's action, we are unable to envision how or why appellant or his attorney would have had any reason or responsibility to continue monitoring the government's progress in mailing the record of trial to this court once action was completed. Therefore, this factor is of no help to the government.

Although we find the first two factors favor appellant, and the third factor inapplicable, the final *Barker* factor, prejudice, does not favor appellant. Appellant has not established any prejudice as a result of the government's delay in docketing his case with this court, and, in fact, he has not specifically alleged any before this court. *Id.* at 138-41. Additionally, we also find no prejudice after specifically reviewing each of the three prejudice sub-factors[2] found in *Moreno.*

However, where there is no finding of *Barker* prejudice, we can still find a due process violation when "the delay was so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).[3] Taking more than seven months to organize and ship a small record of trial has exactly that deleterious effect. Thus, we will grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge, confinement for eleven (11) months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

---

[2] (1) Oppressive incarceration pending appeal; (2) Particularized anxiety and concern; and (3) Impairment of ability to present a defense at rehearing.

[3] We recognize that the government has not attempted to offer an explanation for this delay.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court